## Jones *v.* O'Connor.

*Mandamus—Supreme Court—Election contest—Place of hearing—Hearing at place other than county seat—Objection to place of hearing—Allowance of writ—Practice, Q. S.*

1. In the absence of an express or implied agreement by counsel to the contrary, in every instance, all rules must be made returnable at the county seat.

2. Where in a proceeding contesting the election of a county controller the judge of the Quarter Sessions Court fixed the place of hearing at chambers in a city other than the county seat, against the objection of the respondent, and subsequently refused to change the place of such hearing, a writ of mandamus was granted by the Supreme Court requiring that the hearing take place at the county seat.

Argued January 21, 1916. Original jurisdiction, Miscellaneous Docket, No. 3, page 233. Petition of Herman T. Jones for writ of mandamus requiring Honorable Francis J. O'Connor and Honorable Marling Bingham Stephens of Cambria County, Pennsylvania, to hold hearing in contest of election of Herman T. Jones as County Controller of said county at the county seat of

said county.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.

The petition of Herman T. Jones filed in the Supreme Court on January 3, 1916, was as follows:

The petition of Herman T. Jones respectfully represents:

1st.  That your petitioner was duly elected to the office of county controller of the County of Cambria at the general election held on Tuesday, the 2d day of November, 1915.

2d.  That on the 30th day of November, 1915, the petition of Harry F. Confer, and others, was presented to the Honorable FRANCIS J. O'CONNOR, additional law judge of the said County of Cambria, averring an undue election of the said Herman T. Jones, and further alleging that John H. Cooney was duly elected to the office of county controller of Cambria County, and averring that the election was undue and the return false in declaring and returning said Herman T. Jones, your petitioner as elected for said office.

3d.  That upon the presentation of said petition the said FRANCIS J. O'CONNOR, Judge, made the following decree:

"Now, November 30, 1915, the foregoing petition read and considered, and it being adjudged sufficient, it is ordered and directed that the same be filed of record in the Court of Quarter Sessions of the Peace in and for Cambria County.  That on the 20th day of December, A. D. 1915, at 10 : 00 o'clock a. m., is fixed for hearing thereon at Chambers in Johnstown.  That notice of the filing of this petition, together with a copy thereof, shall be served upon Herman T. Jones, the person whose right of office as county controller for Cambria County is contested.  That a rule issue directed to said Herman T. Jones, requiring him to file an answer to the foregoing petition on or before the date fixed for hearing.  Said notice, a copy of petition and rule to be served by pe-

titioners on said Herman T. Jones within five days from this date. It is further ordered that petitioners enter into a bond, as required by law, in the sum of two thousand dollars to be presented for approval within ten days.            FRANCIS J. O'CONNOR, Judge."

That following the making of the above-recited decree, said petition was duly filed in the Court of Quarter Sessions of Cambria County, Pennsylvania, to Number 36, December Sessions, 1915.

4th. That on the 13th day of December, 1915, your petitioner presented to the Court of Quarter Sessions of Cambria County his petition setting forth as follows:

"That upon the presentation of the petition for contest of this case, on the 30th day of November, 1915, an order and decree was made which contained inter alia the following: 'That the 20th day of December, A. D. 1915, at 10 o'clock, a. m., is fixed for hearing thereon at Chambers in Johnstown.'

" 'Your petitioner is advised and, therefore, avers that there was no power in the Court of Quarter Sessions to fix the place of hearing in this proceeding.

" 'That your petitioner is advised and, therefore, avers that the Court of Quarter Sessions of Cambria County cannot be held elsewhere, under the laws of this State, than at the court house, in the Borough of Ebensburg.

" 'Your petitioner, therefore, showing that a portion of said decree, fixing the place of the hearing of said proceeding "at Chambers in Johnstown," is beyond the power of the court, asks that the said decree of November 30, 1915, shall be modified so as to strike therefrom the place for hearing "at Chambers in Johnstown." ' "

5th. Upon the presentation of the said petition, a rule to show cause was granted, returnable Tuesday, December 14, 1915; that on account of the illness of FRANCIS J. O'CONNER, Judge, the argument on said rule was continued until Dec. 17, 1915.

6th. That at the time of the hearing upon the said rule, before the said FRANCIS J. O'CONNOR, an answer

was filed to the above-recited petition by A. B. Curry, one of the original petitioners, in behalf of all of the original petitioners, setting forth the following:

"That he is advised and, therefore, avers that under the laws of this Commonwealth governing the hearing and determination of contested elections, that a judge has full power and authority to hear and determine the cause at Chambers, and, therefore, denies the right of the petitioner for a modification of the original order made by Judge FRANCIS J. O'CONNOR, by striking from said order the words 'at Chambers in Johnstown.'"

7th. That following the filing of the said answer, and the argument, said FRANCIS J. O'CONNOR, Judge, entered the following order and decree:

"Now December 17, 1915, petition argued and considered. Rule discharged same day.

"FRANCIS J. O'CONNOR, Judge."

8th. And immediately following the entering of the said decree, upon the request of your petitioner, the contestee in said proceedings, the following exception was granted and allowed:

"Now December 17, 1915, to all of the foregoing decision, order and decree, counsel for contestee—petitioner in this rule—excepts and prays an exception be noted, allowed and bill therefor sealed, all of which is accordingly done this day. . FRANCIS J. O'CONNOR, Judge."

9th. That the said proceedings for contest of said election are being proceeded with in the Court of Quarter Sessions of Cambria County, which is the court given jurisdiction in such proceedings under the act of assembly in such case made and provided.

10th. That the Honorable MARLIN BINGHAM STEPHENS is president judge of said court and the Honorable FRANCIS J. O'CONNOR, judge of the said court in the said County of Cambria.

11th. That it is the duty of the judges of the Court of Quarter Sessions of Cambria County to hold the hearing of this election contest in the court house in the

Borough of Ebensburg, Cambria County, which has been designated and appointed as the place for holding of the courts of justice of the said County of Cambria.

12th. That the said FRANCIS J. O'CONNOR has refused and still continues to refuse to hold the hearing in the election contest at the court house in Ebensburg, the place fixed by law for holding of the courts of justice; and refuses to strike out from his decree, made as hereinabove recited, that portion which fixes the place of hearing "at Chambers in Johnstown."

13th. That Johnstown is a city located in the southern part of the County of Cambria about eighteen (18) miles from the county seat.

14th. That it will be necessary in the hearing of this proceeding to have the various county officers appear with their records, and that their attendance with such records, as your petitioner is informed and, therefore, avers is impracticable and cannot be had away from the county seat.

15th. That it would not only be illegal but unreasonable to demand that petitioner's witnesses, some of whom will be summoned from the northern part of Cambria County, should be required to travel to the City of Johnstown in the southern part of said county, a distance of between thirty-six (36) and forty (40) miles, to attend the hearing of this proceeding.

16th. That the hearing of this proceeding in Johnstown would be burdensome and vexatious.

17. That your petitioner is advised and, therefore, avers that the said FRANCIS J. O'CONNOR, Judge, was absolutely without power to fix the hearing in this proceeding "at Chambers in Johnstown," and that an attempt to do so is an attempt to hold the courts of justice of Cambria County in a place unauthorized.

18th. That it is the right of your petitioner to have the hearing in the above-recited election contest held at the court house at the county seat in accordance with the provisions of the laws of this State.

19th. Your petitioner, therefore, showing that the said MARLIN BINGHAM STEPHENS and FRANCIS J. O'CONNOR, judges of the said Court of Quarter Sessions of the County of Cambria, have, notwithstanding the request and demand of your petitioner, refused to hold the hearing in the election contest, as above recited, in the court house in the Borough of Ebensburg, Cambria County, Pennsylvania, but insist upon their determination to hold the same at Chambers in the City of Johnstown; and that your petitioner is without other adequate and specific remedy at law, prays that a writ of mandamus shall issue from this honorable court to the said MARLIN BINGHAM STEPHENS and FRANCIS J. O'CONNOR, judges of the Court of Quarter Sessions of the County of Cambria, Pennsylvania, directing them to hold the hearing in the said above-recited election contest at the court house in the Borough of Ebensburg, Cambria County, Pennsylvania.

Francis J. O'Connor filed an answer on January 17, 1916, admitting the material averments of the petition but denying that he was required by law to hold the hearing at the county seat.

*John E. Evans* and *Charles S. Evans,* of *Evans & Evans,* for petitioner.

*Francis B. Bracken,* for Francis J. O'Connor, respondent.

PER CURIAM, January 21, 1916:

In the absence of an express or implied agreement by counsel to the contrary, in every instance, all rules must be made returnable at the county seat. Let the mandamus issue.